UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI-DADE COUNTY

Case No.: 05-21563-CIV-MARTINEZ-BANDSTRA

MANUEL PARHAM & RENEE PARHAM
as Natural Parents and Legal Guardians of
PARKER PARHAM, a Minor,

    Plaintiffs,

v.

CARNIVAL CRUISE LINES,

    Defendant.                              /

## REPORT OF GUARDIAN AD LITEM REGARDING APPROVAL OF SETTLEMENT, ALLOCATION OF SETTLEMENT, AND APPROVAL OF ATTORNEY'S FEES AND COST

The undersigned, having been appointed by the Court as Guardian Ad Litem to review the proposed settlement, allocation of settlement among the parties and approval of the payment of attorney's fees and costs, has reviewed the entire file and discussed same with Plaintiffs' attorneys and hereby reports to the Court as follows:

### FACTS

1. On August 13, 2004, Plaintiff, PARKER PARHAM, a minor child, was on a vacation with his parents on Defendant's vessel, " SENSATION".

2. On or about August 13, 2004, while utilizing the ships pool deck, Plaintiff, PARKER PARHAM, a minor child (age 7 at the time of the accident), slipped and fell on a Blue "Runner" type mat that the ship placed over its wood deck by the pool.

3. Plaintiffs allege the rubber mat was slippery when wet and that said mat was the cause of Plaintiff's, PARKER PARHAM, a Minor, fall.

4. Plaintiffs further allege there was no supervision to prevent children from running on the mats and the ship failed to warn Plaintiff of the slippery conditions.

5. Defendant denied the allegation stating that the mat that was placed there was done so specifically to prevent falls on the wood deck. Defendant also claimed that Plaintiff's parents failed to properly supervise the minor child and that it was there responsibility, not that of Defendant.

6. I have viewed the photographs of the accident location, as well as of the subject mat, and reviewed the deposition testimony of the following witnesses:

  A. Parker Parham - Minor Plaintiff

  B. Renee Parham - Plaintiff's Mother

  C. Andrew Parker - Private Investigator hired by Defendant

  D. Oliver Gilles, M.D. - Employee for Defendant

  E. Joanne Egerton - Employee for Defendant

  F. Mark Tziamtzis - Employee for Defendant

  G. Gary Eugene Rogers - Witness

  H. Jennifer Rogers - Witness

  I. Suzanne Edwards - Witness

  J. Taylor Olivia - Witness

7. It is my opinion that liability against Defendant would be difficult to prove as the mat does not appear to be dangerous or slippery from looking at the photographs.

8. There was no evidence of prior slip and fall accidents as a result of the subject mat during the many years it was utilized.

9. In addition, there was evidence that the child, himself, was negligent, as were his parents, for allowing the boy to run on the mat, lending credibility to Defendant's allegation of comparative negligence, should the Plaintiff be able to prove liability against the Defendant.

10. I have reviewed the medical records from the following providers:

    A. Stephen Wender, M.D.

    B. Thomas Baumgarten, M.D.

    C. Howard Kurzner, M.D.

11. I also reviewed the deposition transcript of Dr. Baumgarten, Plaintiff's treating physician.

12. Plaintiff, PARKER PARHAM, a Minor, sustained a fracture of the right leg. It was a mid-shaft tibia fracture.

13. It did not require open reduction or a surgical procedure and there was no fixation.

14. The minor was casted on August 17, 2004 and it was removed two (2) months later, on October 29, 2004, with good alignment and good callus formation.

15. Plaintiff, PARKER PARHAM, a Minor, became ambulatory and underwent some physical therapy. The minor was discharged by Rhonda McGarity, P.T. on January 28, 2005 and was told to return to some of his pre-accident activities.

16. There was the standard disagreement between Plaintiff's retained expert, Dr. Wender, and Defendant's IME expert, Dr. Kurzner, as to the need for further care

and treatment.

17. It appears to the undersigned the least biased opinion and most knowledgeable and reliable evidence would be that of the treating doctor, Dr. Baumgarten, in resolving this dispute as to future care.

18. Based on Dr. Baumgarten's deposition testimony, it appears that the minor Plaintiff had a good recovery, would not be in need of future care and could return to his normal activities without restrictions. The undersigned has had the opportunity to speak with Mrs. Parham about her son's present condition. Mrs. Parham indicated that Parker has gained weight as a result of his injury. She believes, however, that in time his weight will decrease as the family is very health conscious and the weight gain was probably related to his inactivity while he had his cast.

19. The total amount of medical expenses was only approximately $7,183.50.

20. The undersigned has also discussed with Mrs Parham the representation by Plaintiffs counsel. Mrs. Parham indicated that while she was very satisfied with the representation , originally she was surprised with the costs involved in the prosecution of the case. Several telephonic depositions were taken out of state as well as out of the country by telephone which increased the costs.

20. Based on the foregoing, it is the findings and recommendation of the Guardian Ad Litem as follows:

   A. **Amount of Settlement**: The gross recovery by Plaintiffs of One Hundred Twenty Thousand ($120,000.00) Dollars was an excellent result and it is in the best interest of the minor child.

B. **Contingency Fees**: The total contingency fees incurred is $48,000.00. Said amount is consistent with the schedule set forth in the signed contingency contract and as set forth in the Rules regulating the Florida Bar. It is the standard fee in cases such as this. Due to the complexity of the issues, the amount of time and effort expended by Plaintiffs' counsel, and the result obtained, it is the opinion of the undersigned that the fee is well deserved and reasonable under the circumstances.

C. **Costs**: The costs expended by Plaintiffs' counsel, during the course of the case, in the amount of $16,052.92 were, reasonably and necessarily incurred in the prosecution of the case and contributed.

D. **Reimbursement of Out Of Pocket Expenses to Parents**:

    1. **Travel Expenses** - Plaintiffs', MANUEL PARHAM and RENEE PARHAM, parents of minor Plaintiff, should receive the sum of $8,000.00 as expenses for out of pocket expenses incurred by them for travel related monies incurred during the litigation. This amount is reasonable and was necessarily incurred.

    2. **Medical Expenses** - Plaintiffs', MANUEL PARHAM and RENEE PARHAM, parents of Minor Plaintiff, should receive the sum of $5,583.50 as reimbursement for payment of those medical expenses incurred by the Minor Plaintiff as a direct and proximate result of the subject accident. This amount is reasonable and was necessarily incurred.

E. **Net Proceeds**: The remaining sum of $41,163.58 should be deposited in a restricted, interest bearing account for the sole benefit of PARKER PARHAM until he reaches the age of 18. A guardianship account in South Carolina has been opened for the purposes of depositing same for the benefit of the minor child.

F. Said net proceeds should be deposited in the guardianship account opened in South Carolina, the state in which Plaintiffs reside, and be governed by the Rules of the State.

WHEREFORE, the undersigned recommends that this Court enters an Order approving the settlement, attorneys fees and costs, and the allocation of said funds .

Respectfully submitted,

By:    s/ Stewart D. Williams
STEWART D. WILLIAMS, ESQ.
F. B. No.: 352705
**HUNTER, WILLIAMS &LYNCH P.A.**
75 Valencia Avenue, Suite 1150
Coral Gables, Florida 33134
Telephone : (305) 371-1404
Facsimile : (305) 371-1307